UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

YVONNE M. COLE     CIVIL ACTION NO.:_____

VERSUS

STATE OF LOUISIANA,
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, **YVONNE M. COLE**, a resident of and domiciled in the Parish of Arcadia, State of Louisiana, to wit:

1.

Made defendant herein is the following:

1. **STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, DAVID WADE CORRECTIONAL CENTER**

2.

This Honorable Court has jurisdiction to hear and determine this matter under 28 U.S.C. Section 1331.

3.

On August 11, 2011, plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against the State of Louisiana, Department of Public Safety and Corrections, David Wade Correctional Center, for discrimination in employment. The EEOC found "reasonable cause exists to believe that defendant failed to engage in any interactive discussion with plaintiff regarding her

accommodation request which was to use her available annual leave and on October 13, 2020, issued plaintiff a Notice of Right to Sue the State of Louisiana, Department of Public Safety and Corrections, David Wade Correctional Center, for violations.  (Please refer to enclosed Exhibit A.)

4.

Venue is proper in this Honorable Court under 28 U.S.C. 1391, since all parties reside within the Shreveport Division of the Western District.

5.

Plaintiff is pursuing claims under 42 U.S.C. A. Section 12101 et seq. (the Americans with Disabilities Act).

6.

The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

7.

Because a shoulder injury substantially limits at least one of plaintiff's major life activities, plaintiff is an individual with a disability under the ADA.

8.

Plaintiff was fully qualified to be a sergeant and could perform all the essential functions of the position, having been employed in that position from January 3, 2000 to June 29, 2011.

9.

The pertinent facts list as follows:

a. In February, 2005, plaintiff injured her right shoulder while performing her annual firearm qualification, but did not believe the injury was serious in nature and would heal with some rest and over the counter medication;

b. The pain ebbed and flowed for several months and prompted a May 5, 2005 appointment with her primary care physician;

c. The doctor then ordered a MRI, which was performed on May 10, 2005, and showed possible structural damage to the right shoulder;

d. Plaintiff was not ready for surgery and wanted to see if her condition would improve with time;

e. Her condition did not improve and plaintiff learned to deal with the pain until it was unbearable;

f. On November 10, 2010, plaintiff received a cortisone injection at Minden Orthopedics, 216 W Union St # A, Minden, Louisiana 71055, which did not provide much relief;

g. Plaintiff received a total of three (3) cortisone shots to her right shoulder that did not provide much relief;

h. On February 2, 2011, plaintiff had a surgery consultation with Orthopedic Specialists of Louisiana, 1500 Line Avenue, Shreveport, Louisiana 71101;

i. On March 22, 2011, plaintiff attempted to perform her annual firearm qualification but could not do due to her right shoulder not being to withstand the recoil of the weapon;

j. On April 5, 2011, plaintiff had right rotator cuff repair surgery; several months of physical therapy followed with plaintiff fully healing in approximately six (6) months;

k. On June 27, 2011 plaintiff was ordered by Warden Jerry Goodwin to return to work; plaintiff replied that she was still under the care of her doctor and would have limitation but would do as instructed;

l. On June 29, 2011, plaintiff returned to work but with written limitations from her treating physician;

m. Once Warden Jerry Goodwin reviewed the document, he stated "you can't do nothing.  The best thing for you to do is resign";

n. Plaintiff tried explaining to Warden Jerry Goodwin that she was expected to make a full recovery; would be able to resume the performance of all duties once released from doctor's care; and would like to use her available annual leave as an accommodation;

o. That same day, June 29, 2011, Warden Jerry Goodwin issued to plaintiff a Pre-Termination Notice;

p. On June 30, 2011, plaintiff replied to the Pre-Termination Notice;

q. On July 22, 2011, plaintiff sent another response to the Pre-Termination Notice;

r. On July 24, 2011, the employment of plaintiff was terminated; and

s. Plaintiff received her full retirement disability on August 24, 2012.

10.

Plaintiff wanted to use her available annual leave time as an accommodation, but that request was neither discussed nor entertained by Warden Jerry Goodwin.

11.

Defendant's failure to consider a reasonable accommodation of allowing plaintiff to use her available leave time was a violation of the Americans with Disabilities Act.

12.

Plaintiff is seeking the following relief:

a. Back pay;

b. Reinstatement;

c. Future economic loss;

d. Compensatory damages for pain and suffering;

e. Punitive damages;

f. Attorney's fees;

g. Costs; and

h. Expert witness fees.

**WHEREFORE**, **PLAINTIFF**, **YVONNE M. COLE**, prays that defendant, **STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**

**DAVID WADE CORRECTIONAL CENTER**, be duly served with copies of this petition and cited to answer same and that after all due proceedings had, there be judgment in favor of plaintiff, **YVONNE M. COLE**, and against defendant, **STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS DAVID WADE CORRECTIONAL CENTER**, for back pay; reinstatement; future economic loss; compensatory damages for pain and suffering; punitive damages; attorney's fees; costs and expert witness fees in an amount to be determined by this Honorable Court due to defendant, **STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS DAVID WADE CORRECTIONAL CENTER**, violating the Americans with Disabilities Act.

Respectfully submitted,

**LAW OFFICE OF MALCOLM X. LARVADAIN**

By: s/Malcolm X. Larvadain
    Malcolm X. Larvadain, La. Bar # 26,066
    **ATTORNEY FOR PLAINTIFF**
    626 Eighth Street
    Alexandria, Louisiana 71301
    TEL. (318) 445-3533
    FAX. (318) 445-4030